IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-01193-RBJ

SCOTT WARRINGTON,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF MINERAL COUNTY,
THE MINERAL COUNTY SHERIFF'S OFFICE, and
SHERIFF FRED HOSSELKUS, in his official and individual capacity

    Defendants.

## ORDER

This case comes before the Court on defendants' motions to dismiss [docket ## 13, 21].

**FACTS**

For purposes of the pending motions, the Court accepts the following facts pled by the plaintiff as true. In September 2007 Scott Warrington became a full-time Sheriff's Deputy in Mineral County, Colorado. On July 4, 2010, Deputy Warrington was seated on a horse as part of his duties for the Fourth of July parade when his horse unexpectedly reared-up and threw him to the ground. He suffered a head injury that rendered him unable to work while he received medical treatment over a period of several months.

On January 13, 2011 Mr. Warrington's doctor cleared him to return to work on a part-time basis, i.e., four hours per day three times per week for one month; then four hours per day five times per week for one month; then six hours per day five times per week for one month; then full time. The doctor recommended additional restrictions during the part-time period, i.e.,

1

light duty office work; no responsibility for confronting and arresting suspects; no high stress situations; no firearms; and no climbing or unprotected heights.

Soon after receiving clearance to return to work, plaintiff requested a reasonable accommodation consistent with his doctor's recommendation. However, although notice of this request and his restricted work clearance was provided to Sheriff Fred Hosselkus and the Mineral County Board of County Commissioners (the "BOCC"), an interactive process as described at 29 CFR 1630.2(o) did not take place. On the contrary, Sheriff Hosselkus went before the BOCC on February 7, 2011 and denied that Deputy Warrington had been cleared for light duty.

On March 31, 2011, Dr. David Reinhard sent a letter to Sheriff Hosselkus stating that Deputy Warrington had had an excellent and full recovery; that he had essentially completed treatment other than a routine driving evaluation; and that Dr. Reinhard anticipated releasing him to full unrestricted duty no later than the end of April and most likely sooner. Nevertheless, on April 5, 2011 the Sheriff sent a text message to Deputy Warrington stating that he had filled the deputy sheriff position. Shortly thereafter the Sheriff confirmed by telephone that he had fired Deputy Warrington. On April 17, 2011, Hosselkus sent an email to Deputy Warrington confirming that he had been terminated.

On or about April 29, 2011, Mr. Warrington filed a charge with the EEOC alleging violations of the Americans with Disabilities Act (the "ADA") based on the alleged discrimination from December 2010 through his termination and violation of a state law. On July 27, 2011 Sheriff Hosselkus issued a new "Mineral County Sheriff's Office Discharge Policy and Procedure for Deputies," allegedly in an effort to cure statutory violations. Notwithstanding that he had fired Deputy Warrington on April 5, 2011, Sheriff Hosselkus sent Mr. Warrington a letter dated August 17, 2011 in which he indicated that he had only recently received an

indication that Mr. Warrington had been cleared to return to work restriction free; that he had filled the position; and that he was laying Mr. Warrington off.

On February 8, 2012, the United States Department of Justice issued Mr. Warrington a Right to Sue under the ADA.  He filed this suit on May 8, 2012, asserting (1) violation of the ADA, and (2) pursuant to 42 U.S.C. § 1983, deprivation of his right to equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.  Defendants filed a partial motion to dismiss, requesting that the Court dismiss the § 1983 claim as to all defendants and the ADA claim as to the BOCC only [#13].  Shortly thereafter plaintiff filed an amended complaint [#19], essentially an effort to cure alleged deficiencies in his initial allegations concerning the § 1983 claim.  Defendants filed a second partial motion to dismiss [#21], again requesting dismissal of the § 1983 claim against all defendants and the ADA claim against the BOCC.  It has been fully briefed.  Oral argument has not been requested.

**STANDARD OF REVIEW**

In reviewing a motion to dismiss, the Court views the motion in the light most favorable to the nonmoving party and accepts all well-pleaded facts as true.  *Teigen v. Reffrow,* 511 F.3d 1072, 1079 (10th Cir. 2007).  However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007).  A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Pleadings that offer only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

## CONCLUSIONS

### A. <u>Equal Protection</u>.

In order to state a plausible equal protection claim under 42 U.S.C. § 1983, plaintiff must allege that he was treated differently than an individual who was similarly situated in all material respects. *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1219 (10th Cir. 2011) (stating that a plaintiff's 42 U.S.C. § 1983 claim was properly dismissed when it failed to provide specific examples of similarly situated individuals who received different treatment); *Katz v. City of Aurora*, 85 F.Supp. 2d 1012, 1020 (D. Colo. 2000) (holding that in order to plead an equal protection claim under 42 U.S.C. § 1983, plaintiff, who was accused of sexual harassment, needed to allege that he was treated differently than someone else who had been accused of sexual harassment).

Defendants argue that plaintiff must allege that he was treated differently than a similarly situated, *non-disabled* individual. Therefore, although plaintiff alleges that he was treated differently than Undersheriff Fairchild, who was permitted to return to light duty after suffering a broken leg, defendants suggest that this is an improper comparison of two individuals both of whom were in the same protected class. Defendants cite several cases in support of this proposition. *See Cinnamon Hills Youth Crisis Ctr, Inc. v. St. George City*, 685 F.3d 917 (10th Cir. 2012); *see also Kendrick v. Penske Transp. Serv., Inc.*, 220 F.3d 1220 (10th Cir. 2000).

Defendants' argument fundamentally misunderstands the equal protection clause and plaintiff's claim. The Fourteenth Amendment provides, in pertinent part, "nor shall any State . . . deny to any person within its jurisdiction the equal protection of the laws." It does not demand a comparison of persons in a "protected class" to persons who are not in that class, although such a

comparison certainly could generate an equal protection issue. Rather, the equal protection clause demands that, at a minimum, there be a rational basis for a State's treating similarly situated persons differently, "so that all persons similarly circumstanced shall be treated alike." *F.S. Royster Guano Co. v. Commonwealth of Virginia,* 253 U.S. 412, 415 (1920).

Thus, cases analyzing equal protection claims brought pursuant to the authority of 42 U.S.C. § 1983 require the plaintiff to show that he was treated differently than someone else who was similarly situated. This standard does not require that the similarly situated person also be non-disabled. *See, e.g., Spragens v. Shalala,* 36 F.3d 947, 950 (10th Cir. 1994). If differential treatment is established, then the inquiry becomes whether there was a rational basis for the distinction. *Id.*

Moreover, defendants miss the point of plaintiff's claim. Both he and Undersheriff Fairchild were rendered temporarily disabled from employment by injuries suffered in an accident. However, as they were recovering from and ultimately did recover from the disabilities, they were treated differently. Undersheriff Fairchild was permitted to return to light duty and ultimately to his position. However, Deputy Warrington was permitted neither the temporary accommodation of light duty nor the return to regular fulltime employment. The result is disparate treatment between the two individuals, and if the differential treatment lacked a rational basis, then Deputy Warrington was denied equal protection of the law prohibiting discrimination based upon disability. The Court finds that plaintiff has alleged an equal protection claim sufficiently to survive a Rule 12(b)(6) motion.

### B. Qualified Immunity

Sheriff Hosselkus asks the Court to dismiss plaintiff's equal protection claim against him on the basis of qualified immunity. "The doctrine of qualified immunity protects government

officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (citations and internal quotation marks omitted).  To overcome a defendant's claim for qualified immunity, a plaintiff must satisfy a two-part test by "show[ing] that the defendant's actions violated a specific statutory or constitutional right, and that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue."  *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) (citations and internal quotation marks omitted).

  For the reasons set forth above, the Court finds that plaintiff has adequately alleged facts sufficient to establish a plausible claim for a violation of a constitutional right.  With respect to the second prong of the test, a right is clearly established if it would have been "clear to a reasonable [person] that his conduct was unlawful under the circumstances presented."  *Herrera*, 589 F. 3d at 1070 (citations and internal quotation marks omitted); *see also Saucier v. Katz*, 533 U.S. 194, 202 (2001).  Plaintiff's right not to be discriminated against because of his disability was a right that was clearly established.  *Ramirez v. Dep't of Corrections, Colo.*, 222 F.3d 1238, 1243–44 (10th Cir. 2000).  As such, it was or should have been clear to Sheriff Hosselkus that he could not discriminate against Deputy Warrington because of his disability.

  I emphasize that the Court is not making any finding as to whether Sheriff Hosselkus did treat the plaintiff differently than another substantially similar employee without a rational basis for doing so.  I find only that, assuming plaintiff's allegations to be true, he has adequately alleged a violation of a clearly establish right.

**C. ADA Claim Against the BOCC.**

The third issue before the Court is whether to dismiss plaintiff's ADA claim against the BOCC because the BOCC is not a suable entity under the ADA. Defendants argue that *Bristol v. Bd. of County Comm'rs of County of Clear Creek*, 312 F.3d 1213, 1215 (10th Cir. 2002) precludes a board of county commissioners from being liable under the ADA for hiring and firing decisions made by sheriffs. *Bristol* held that, "because under Colorado law a Board lacks the power to control the hiring, termination, or supervision of a Sheriff's employees, or otherwise control the terms and conditions of their employment, there can be no basis upon which a jury could determine that the Board owes such a duty." *Id.*

The facts alleged here are substantially similar to those in *Bristol*. Plaintiff does not dispute that the *Bristol* case prevents him from pursuing his wrongful termination claim against the BOCC. However, he points out that he also alleged that the defendants "failed to engage in a meaningful interactive process" in violation of 29 CFR 1630.2(o). Amended Complaint [#19] ¶11 (and several other paragraphs). He asserts that "[t]he human resources department handles the ADA compliance for the county." Response Brief [#23] at 5. Therefore, he argues, the BOCC should remain in the case with respect to the interactive process issue. *Id.*

The Amended Complaint does not allege that the human resources department handles ADA compliance. That was an assertion in the response brief. The Amended Complaint does not allege that the human resources department played any role in any decision not to engage in an interactive process, nor does it allege that the human resources department played any other role in the handling of this matter. Likewise, other than in a conclusory manner, the Amended Complaint does not allege that the BOCC had any part in any decision not to engage in an

interactive process. It does allege and provide some particulars to the effect that the BOCC was kept apprised of the status of plaintiff's situation from time to time. That does not indicate that the BOCC or the County's human resources personnel were involved in the handling of this matter.

Rather, based on the allegations of the Amended Complaint, the alleged failure to engage in an interactive process was part and parcel of the course of employment actions taken entirely by the Sheriff and within the purview of his exclusive power to control the hiring, termination, or supervision of the Sheriff's employees. Even if he sought the advice of persons in the human resources department – and there is no allegation that he did – the decisions that affected Deputy Warrington were his to make, and he made them. The Court finds that plaintiff has not alleged an ADA claim against the BOCC on which relief could be granted.

**Order**

1. Defendant's first Motion for Partial Dismissal [#13] is DENIED as moot.
2. Defendant's second Motion for Partial Dismissal [#21] is GRANTED IN PART AND DENIED in part. It is granted only as to the plaintiff's claim against the Mineral County Board of County Commissioners under the Americans with Disabilities Act. In all other respects it is denied.

DATED this 8th day of January, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge